UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

ROBERT VENDITTI,

                        Plaintiff,                       **ORDER**

        -against-                     24 Civ. 7294 (AEK)

CHRISTIAN BROTHERS INSTITUTE,
PETER ZAWOT, and EDWARD BERGERON,

                        Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

The Court has conducted an initial review of the parties' motion for approval of the proposed settlement agreement and supporting documents, ECF No. 35, and has identified several issues that must be addressed and/or reconsidered before the Court can complete its evaluation.

(1)     In order for the Court to be able to assess whether the proposed settlement is fair and reasonable, the Court must have a basis for comparing the proposed amount payable to Plaintiff to the total amount to which Plaintiff claims that he would have been entitled had he prevailed at trial.  *See, e.g.*, *Santos v. YMY Mgmt. Corp.*, No. 20-cv-1992 (JPC), 2021 WL 431451, at *1 (S.D.N.Y. Feb. 8, 2021) (approving settlement where plaintiff's recovery was "approximately 18% of Plaintiff's total alleged damages and approximately 39% of his total alleged minimum wage and overtime owed," and noting that "[c]ourts in this District routinely award settlement amounts within this range.") (collecting cases).  The parties' motion states only that "plaintiff calculated his claim to be worth $110,000.00"—the exact dollar value of the proposed settlement—and that "[t]his amount is the equivalent of two (2) year's pay."  ECF No. 35 at 3.  But this conclusory assertion is not sufficient for the Court to evaluate the merits of the

settlement.  There is no breakdown of the damages Plaintiff could have sought at trial for unpaid overtime, spread-of-hours wages, violations of the notice and recordkeeping requirements and wage statement provisions of the NYLL, and his retaliation claim.  Counsel must provide a supplemental submission that enables the Court to consider Plaintiff's possible recovery and compare that to the proposed settlement figure.

(2)	The proposed settlement agreement contains a "non-disclosure" clause, even though it is well-established that such clauses are often a basis for courts to reject settlements of FLSA lawsuits.  *See, e.g., Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 179-80 (S.D.N.Y. 2015) ("[A] non-disclosure agreement in an FLSA settlement, even when the settlement papers are publicly available on the Court's docket, is contrary to well-established public policy because it inhibits one of the FLSA's primary goals—to ensure that all workers are aware of their rights." (cleaned up)); *Alvarez v. Schnipper Rests. LLC*, No. 16-cv-5779 (ER), 2019 WL 5682633, at *3-4 (S.D.N.Y. Nov. 1, 2019) (denying application for approval of settlement agreement in part because of a non-disclosure provision that prevented plaintiff "from publicizing the terms of the agreement and release to the media or from discussing them on social media").  The parties must reconsider this provision of the proposed settlement agreement and either remove it or attempt to provide a justification for why such a provision should be permitted in this case.

(3)	With respect to Plaintiff's counsel's application for attorney's fees and costs, it is not clear what makes up the $37,900 that counsel seeks, or how he arrived at that number.  Counsel's retainer agreement provides that Plaintiff would be charged 33 1/3% of any award, *see* ECF No. 35-2 at 1, a figure routinely approved as reasonable in FLSA settlements, *see, e.g., Vann v. PCT Contracting, LLC*, No. 20-cv-628 (AEK), 2025 WL 950990, at *4 (S.D.N.Y. Mar.

2

28, 2025).  That said, in evaluating fee awards in FLSA cases, courts regularly look at the percentage of the settlement amount *net of costs*.  *See, e.g.*, *McDermott v. ArchCare Cmty. Servs., Inc.*, No. 22-cv-3051 (AEK), 2023 WL 8258003, at *5 (S.D.N.Y. Nov. 28, 2023); *Beckert v. Ronirubinov*, No. 15-cv-1951 (PAE), 2015 WL 8773460, at *3 (S.D.N.Y. Dec. 14, 2015) ("[W]hen awarding fees on a percentage-of-the-fund basis, the appropriate denominator is the total settlement *net* of costs.") (emphasis in original).  Based on the Court's calculations, 1/3 of the settlement amount net of the identified costs of $1,017 would be $36,327.67, and adding the costs would bring the total potential fee request to $37,344.67.  Even if counsel had just calculated 1/3 of the settlement amount without netting out the costs first, the total ($36,666.67) plus the costs would be $37,683.67.  While the differences between these figures and the requested amount of $37,900 are not large, the Court nevertheless needs more information to understand counsel's calculations.

(4)    Finally, counsel in FLSA cases may be awarded reasonable out-of-pocket expenses that are properly substantiated.  *See, e.g., Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016) ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts.  A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient." (cleaned up)).  Plaintiff's counsel has requested payment of costs totaling $1,017—$402 for the filing of the complaint, $600 for process service fees, and $15 for a train ticket to travel "from mediation."  ECF No. 35-3 at 4.  Because the filing fee is reflected on the docket, *see* ECF No. 1 (reflecting filing fee of $405), no additional documentation is necessary for this expense, but counsel must submit additional documentation—in the form of an invoice or a sworn declaration—to substantiate the

3

additional costs, or submit a letter indicating he is not seeking reimbursement for these expenses as part of the total fee award he is requesting in this matter.

\* \* \* \* \* \* \* \* \* \*

A further submission to address these matters is due on or before June 24, 2026.

Dated:  June 10, 2026
       White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge