UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ROBERT VENDITTI,

Plaintiff,

-against-

CHRISTIAN BROTHERS INSTITUTE,
PETER ZAWOT, and EDWARD BERGERON,

Defendants.
-----------------------------------------------------------X

**DECISION AND ORDER**

24 Civ. 7294 (AEK)

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

Plaintiff commenced this action on September 26, 2024, *see* ECF No. 1, and filed an amended complaint on June 27, 2025, ECF No. 24. The amended complaint asserts claims against Defendants for violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") based on alleged failures to pay Plaintiff properly; failures to provide Plaintiff a wage notice and wage statements; and for unlawfully retaliating against Plaintiff by terminating him for having filed this lawsuit. *See generally id.* The parties filed an initial joint motion for approval of a proposed settlement in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *see* ECF No. 35, and the Court issued an order on June 10, 2026 identifying certain items that needed to be addressed and/or reconsidered before the Court could complete its evaluation, *see* ECF No. 37. The parties subsequently filed a supplemental letter with additional information, *see* ECF No. 38, as well as a proposed revised settlement agreement, *see* ECF No. 39 ("Proposed Settlement Agreement"). For the reasons that

[1] The parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c). ECF No. 8.

follow, the Proposed Settlement Agreement is APPROVED and the motion to approve the settlement is GRANTED.

**DISCUSSION**

In the Second Circuit, "parties cannot privately settle FLSA claims with a stipulated dismissal with prejudice under Federal Rule of Civil Procedure 41 absent the approval of the district court or the [United States] Department of Labor." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 599 (2d Cir. 2020). Thus, a district court in this Circuit must review a proposed FLSA settlement and determine whether it is fair and reasonable. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, No. 20-cv-7131 (KMK), 2021 WL 38264, at *2 (S.D.N.Y. Jan. 5, 2021). When reviewing a proposed settlement agreement in an FLSA case, district courts consider the "totality of circumstances," *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), to assess whether the agreement is fair and reasonable, including the following factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Fisher*, 948 F.3d at 600 (quoting *Wolinsky*, 900 F. Supp. 2d at 335-36). In addition, the following factors "weigh against approving a settlement":

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Wolinsky*, 900 F. Supp. 2d at 336 (quotation marks omitted). "[T]here is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Xiao v. Grand Sichuan Int'l St. Marks, Inc.*, Nos. 14-cv-9063, 15-cv-6361 (RA), 2016 WL 4074444, at *2 (S.D.N.Y. July 29, 2016) (quotation marks omitted).

Having reviewed the parties' submissions in support of the proposed settlement and having considered the totality of the circumstances, the Court finds that the Proposed Settlement Agreement is fair and reasonable.

All five *Wolinsky* factors weigh in favor of approval. First, the Proposed Settlement Agreement provides for a total settlement payment of $110,000, with $73,428.65 payable to Plaintiff and $36,166.35 in attorneys' fees and $405 in costs payable to Plaintiff's counsel. Plaintiff estimates his maximum possible recovery on his claims—including his overtime wage claims, his claim for retaliatory discharge, and his claims for failure to provide a wage notice and wage statements—to be $345,055.20. *See* ECF No. 38. This calculation does not appear to account for the possibility of liquidated damages, even though the Amended Complaint specifically seeks an award of liquidated damages.[2] *See* ECF No. 24 ¶ 1 & pg. 6. In addition, Plaintiff's counsel overstates the maximum damages available for violations of the NYLL's notice and recordkeeping requirements—the total potential award for those claims would be $5,000 for violation of NYLL § 198(1-b) and $5,000 for violation of NYLL § 198(1-d), for a total of $10,000. Accordingly, Plaintiff's total potential recovery at trial would be $574,990.41

[2] Plaintiff's damages figure also does not include estimated damages for his claim for "spread of hours" wages, but because Plaintiff's "statement of damages" in support of settlement indicates that he worked 8.5 hours per day, *see* ECF No. 38 at 1, it is not clear that he was ever eligible for "spread of hours" wages under New York law anyway.

($254,935.21 for overtime wages; $254,935.21 for liquidated damages; $55,119.99 for the retaliatory discharge claim; and $10,000 for the NYLL recordkeeping claims). The $73,428.65 payable to Plaintiff in the settlement amounts to approximately 13 percent of Plaintiff's total possible recovery were he to be fully successful on his claims at trial, and approximately 29 percent of his estimated wage losses. Courts have approved similar percentages where there were significant litigation risks to a plaintiff achieving their best-case-scenario recovery. *See Andreyuk v. ASF Constr. & Excavation Corp.*, No. 19-cv-7476 (AEK), 2023 WL 3993933, at *3 (S.D.N.Y. June 14, 2023) (approving settlement amount equal to 8 percent and 9 percent of two individual plaintiffs' total possible recovery); *see also Zorn-Hill v. A2B Taxi LLC*, Nos. 19-cv-1058, 18-cv-11165 (KMK), 2020 WL 5578357, at *4-5 (S.D.N.Y. Sept. 17, 2020) (approving settlement amount equal to 12.5 percent of the plaintiffs' best-case scenario recovery in case involving "major factual and legal litigation risks"); *Aguilar v. N & A Prods. Inc.*, No. 19-cv-1703 (RA), 2019 WL 5449061, at *1-2 (S.D.N.Y. Oct. 24, 2019) (approving settlement of $40,000 where the plaintiffs' estimated potential recovery was $570,000, based on, *inter alia*, a dispute about the plaintiff's exempt status and number of hours worked); *Gervacio v. ARJ Laundry Servs. Inc.*, No. 17-cv-9632 (AJN), 2019 WL 330631, at *1 (S.D.N.Y. Jan. 25, 2019) (approving settlement that would net the plaintiff approximately 13 percent of the maximum possible recovery amount (*i.e.*, $4,000 to the plaintiff out of a possible $29,820.41) where facts were disputed).

Second, the proposed settlement will enable the parties to avoid significant additional expenses and burdens associated with establishing their claims and defenses. While the parties had completed fact discovery, they had not engaged in motion practice about several contested and potentially dispositive issues, which would have occurred before trial.

Third, both sides would have faced significant litigation risks if this case had proceeded. Defendants have raised substantial defenses, including challenges to the accuracy of Plaintiff's claimed number of hours worked, challenges to Plaintiff's non-exempt status, and challenges regarding whether the Defendants are within the scope of the FLSA and NYLL, and it is certainly possible that Plaintiff could recover nothing at all if he were to continue to litigate. That said, the materials presented to the Court make clear that there was also a substantial risk that Defendants could have been found liable for some or all of the claims presented, and the parties also have acknowledged the uncertainty surrounding the collection of any large potential lump sum judgment entered against Defendants. Because of the anticipated risks and costs involved in pursuing this matter through motion practice and trial, settlement is an effective means of resolving the litigation for both sides.

Fourth, the Court conducted multiple conferences regarding disputed issues, and the parties participated in a settlement conference before Magistrate Judge Victoria Reznik, at which they were able to reach a resolution. The Court has no doubt that the proposed settlement is the product of arm's-length bargaining between experienced counsel.

Fifth, the Court has no reason to believe that the proposed settlement is the product of fraud or collusion.

Moreover, none of the factors set forth in *Wolinsky* that weigh against approving a settlement exist in this case. This is a case involving an individual Plaintiff, and Plaintiff will be the only employee affected by the settlement and dismissal of the lawsuit. Given that the employment relationship between Plaintiff and Defendants has ended, there is no likelihood that the circumstances that gave rise to this lawsuit will recur. The Court also is not aware of a history of FLSA non-compliance by this employer.

The Proposed Settlement Agreement, as revised, no longer contains the "non-disclosure" clause flagged by the Court in the order at ECF No. 35, and does not contain any other problematic provisions that would preclude court approval.

With respect to attorneys' fees, the Proposed Settlement Agreement provides for Plaintiff's counsel to receive $36,166.35 in fees—just under one-third of the total settlement amount net of costs—and $405 in costs. *See* Proposed Settlement Agreement ¶ 2; ECF No. 38 at 2. "Courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *See Santos v. YMY Mgmt. Corp.*, No. 20 Civ. 1992 (JPC), 2021 WL 431451, at *2 (S.D.N.Y. Feb. 8, 2021) (cleaned up). "However, even when the proposed fees do not exceed one third of the total settlement amount, courts in this [C]ircuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* (quotation marks omitted). Appropriately, Plaintiff's counsel has submitted contemporaneous time records and hourly rate information to substantiate the fee application. *See Fisher*, 948 F.3d at 600 ("The fee applicant must submit adequate documentation supporting the requested attorneys' fees and costs."); ECF No. 35-3 ("Billing Records").

Applying the lodestar method, Plaintiff's counsel, Matthew Persanis, Esq., spent a total of 65.4 hours on this case at an hourly rate of $575, for a total lodestar figure of $37,605. *See* Billing Records. Because the Court finds the requested fee to be reasonable, it will not address whether the hourly rates and number of hours expended on this case, as reflected in the Billing Records, are themselves reasonable. The proposed attorneys' fee is less than the $37,605 lodestar, and it is fair and reasonable given the facts and circumstances of this case. *See Gervacio v. ARJ Laundry Servs. Inc.,* No. 17-cv-9632 (AJN), 2019 WL 330631, at *3 (S.D.N.Y. Jan. 25, 2019) ("The true lodestar amount is therefore greater than the fee award contained in the

settlement agreement. As a result, the Court does not disturb the calculation of attorneys' fees . . . .").

In addition, Plaintiff's counsel seeks costs of $405 as reimbursement for the fee for filing the original complaint. *See* ECF No. 38 at 2. Counsel in FLSA cases may be awarded reasonable out-of-pocket expenses that are properly substantiated. *See, e.g., Cortes v. New Creators, Inc.*, No. 15-cv-5680 (PAE), 2016 WL 3455383, at *6 (S.D.N.Y. June 20, 2016) ("Court fees reflected on the Court's docket are sufficiently substantiated, as are costs for which a claimant provides extrinsic proof, such as invoices or receipts. A sworn statement or declaration under penalty of perjury that certain amounts were expended on particular items is also sufficient." (citations omitted)). Here, the court filing fee of $405 is reflected on the docket, and thus is sufficiently substantiated. Accordingly, Plaintiff's request for reimbursement of this cost is reasonable.

## CONCLUSION

For the reasons set forth above, the Court finds the proposed settlement to be fair and reasonable. The Proposed Settlement Agreement as filed at ECF No. 39 is APPROVED and the motion to approve the settlement is GRANTED.

The total settlement amount is $110,000: Plaintiff's counsel is to receive $36,166.35 in attorneys' fees and $405 in costs, and Plaintiff is to receive the balance, $73,428.65.

Having approved the Proposed Settlement Agreement and granted the motion to approve the settlement, the Court also will sign and separately docket the parties' proposed Stipulation of Dismissal With Prejudice, which was attached as Exhibit A to the Proposed Settlement Agreement, *see* ECF No. 39 at 12-13, with a minor edit to reflect the date of the revised final settlement agreement that was approved by the Court.

The Clerk of Court is respectfully directed to close this case.

Dated: July 14, 2026
White Plains, New York

**SO ORDERED.**

ANDREW E. KRAUSE
United States Magistrate Judge